# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2790 | **DATE** | 6/5/2013 |
| **CASE TITLE** | John Doe vs. Jane Doe | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies plaintiff's request to litigate as John Doe. Plaintiff has fourteen days from the date of this Order to file an amended complaint in his own name or dismiss this suit.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

In March 2013, plaintiff met defendant, whose true identity is unknown, on a website. (Compl. ¶ 16.) Plaintiff later communicated with defendant via Skype, and engaged in sexual conduct during the communication. (*Id.* ¶¶ 17-21.) Unbeknownst to plaintiff, defendant recorded his conduct and told him she would post the video online if he did not pay her $200.00. (*Id.* ¶¶ 23-25.) When plaintiff refused to pay, defendant posted the video to two adult websites, using plaintiff's real name to identify it. (*Id.* ¶¶ 29-31, 36-39.) The case is before the Court on plaintiff's request to proceed anonymously.

"Identifying the parties to the proceeding is an important dimension of publicness" because "[t]he people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). Thus, the use of fictitious names is only permitted in "exceptional circumstances." *Id.* Such circumstances exist only if the harm to the plaintiff . . . exceeds the likely harm from concealment." *Doe v. City of Chi.*, 360 F.3d 667, 669 (7th Cir. 2004). Generally, "fictitious names are allowed [only] when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Blue Cross*, 112 F.3d at 872. Plaintiff does not assert that he falls into any of these classes. Rather, he alleges that he is an adult who met defendant on a website, arranged to communicate with her over the internet and voluntarily engaged in sexual conduct during that communication.

Nonetheless, plaintiff argues that anonymity is warranted because litigating under his real name may prompt defendant to retaliate by further publishing the video. As a practical matter, however, the risk of retaliation is slight. Defendant is unlikely to learn about this suit, regardless of the name under which it is litigated, until plaintiff discovers her true identity and serves her. Once that happens, and defendant realizes she can be held accountable for her formerly-anonymous actions, it would be irrational for her to increase her potential liability by republishing the video.

| STATEMENT |
|---|
| Even if suing in his own name will not disclose the video itself, plaintiff says it will disclose the existence of the video to anyone who searches his name on the internet. Concealing the video's existence is not, however, a form of relief requested in the complaint. Moreover, even if it were, it is not relief the Court could provide. There is simply no way to secrete retroactively the existence of a video that was posted on the internet.<br><br>Plaintiff is understandably chagrined at the prospect of a friend or potential employer discovering that this video does or did exist. But he is an adult who voluntarily transmitted sexual conduct to a stranger over the internet, and his embarrassment is not a sufficient basis for proceeding anonymously. *Doe v. Smith*, 412 F. Supp. 2d 944, 946 (C.D. Ill. 2006). Thus, the Court gives plaintiff fourteen days from the date of this Order to file an amended complaint in his own name or dismiss this suit. |